UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAQUAN ROBINSON

       Plaintiff,

v.                                                  Case No.:  2:26-cv-01825-SPC-NPM

JUDGE MICHAEL LYNCH *et al.*,

       Defendants.

                                /

## **OPINION AND ORDER**

Before the Court is Plaintiff Jaquan Robinson's Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1).  Robinson is currently a prisoner of the Florida Department of Corrections (FDOC), but the incident giving rise to his complaint allegedly occurred while he was a pretrial detainee at the Broward County Jail.  Robinson sues a Broward County judge and state attorney for actions (or inactions) they took during his state court criminal proceedings.[1]  Robinson is proceeding *in forma pauperis*, so the Court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages against a party who is immune from such relief.  *See* 28 U.S.C. 1915(e)(2).

---

[1] The Court takes judicial notice of the documents on the online dockets for Robinson's state criminal cases.  It appears the instant complaint relates to his two criminal cases in the 17th Judicial Circuit in and for Broward County, Florida (Case Nos. 24-CF-07225 and 24-CF-11666), in which Robinson was sentenced to prison pursuant to plea agreements.

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

In his complaint, Robinson alleges that from October 31, 2024, to January 29, 2025, he was incarcerated at the Broward County Jail and that on January 29, he was "granted a furlough." However, he was not released from custody pursuant to the furlough until February 1, resulting in three additional days of incarceration, which he asserts amounts to false imprisonment. He alleges a violation of the Eighth Amendment based on a "tort claim" of false imprisonment and seeks $10,000 in compensatory damages and $5,000 in punitive damages against each Defendant.

Robinson cannot sue the judge or prosecutor. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Robinson's allegations against the judge and prosecutor relate entirely to their participation in state criminal proceedings. They are immune from this action. As such, the Court will dismiss Robinson's complaint with prejudice because the judge and prosecutor are shielded by absolute immunity.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Jaquan Robinson's Complaint under 42 U.S.C. § 1983 (Doc. 1) is **DISMISSED with prejudice**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

CC-ORL 7/15
Copies: All Parties of Record

4